Marland TOWNSEND, Plaintiff–Appellant,

v.

NIKE, INC., Defendant–Appellee.

No. 05–35709.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2007.*

Filed May 23, 2007.

Richard C. Busse, Esq., Scott N. Hunt, Esq., Busse & Hunt, Portland, OR, for Plaintiff–Appellant.

Sonja Leneice Henning, Tonkon, Torp, Galen, Marmaduke & Booth, Amy Joseph

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pedersen, Esq., Scott G. Seidman, Esq., Tonkon Torp, LLP, Portland, OR, for Defendant–Appellee.

Before: PREGERSON, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

Marland Townsend, a former Nike part-time employee, appeals the district court's judgment following a jury trial in his Title VII, 42 U.S.C. § 2000e–2(a), action alleging racial discrimination by Nike when he was not selected for a full-time position. On appeal he asserts that the district court erred in giving a "sole factor" jury instruction, in failing to submit the issue of punitive damages to the jury, and in three evidentiary rulings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's determination that the evidence did not support a mixed motive instruction was not an abuse of discretion because this case was tried as an either/or case. At trial, Nike asserted that Townsend did not get the promotion because of his low interview scores and Townsend sought to show that this reason was pretextual with evidence that Nike did not follow internal hiring procedures, that the hiring managers had preselected winning candidates, and that Nike employees had a bias against African–Americans. Townsend's opening statement explained that "there's going to be testimony in this case from two managers that this whole process that resulted in Mr. Townsend getting the next-to-the-lowest score was

simply window dressing, because before the interviews ever happened, managers in meetings, in conversations discussed beforehand who they wanted to see in those positions." Thus, Townsend's theory of the case was that the interviews were a sham used to disguise discrimination by the three people who made the hiring decisions. Nike also framed the central issue for the jury as whether "Marland Townsend didn't get this full-time position because those three people are racist or because he didn't do very well on his interview." No argument was made and no evidence presented to prove that Townsend's low interview scores were based partly on race and partly on legitimate reasons. In fact, Townsend asserted throughout the trial that he should have done well in the hiring interview because he had received positive feedback during mock interviews. Because the only reasonable conclusions the jury could have reached were either that discriminatory motives were the reason Townsend did not get the full-time position, or that he didn't get the position because of poor interview scores, the district court did not abuse its discretion when it gave a "sole factor" rather than "motivating factor" instruction. *See Head v. Glacier Northwest, Inc.,* 413 F.3d 1053, 1066 (9th Cir.2005).

The district court also did not abuse its discretion when it excluded evidence regarding a racially-hostile work environment at the Nike Beaverton Employee Store or of different treatment of African–American employees, including evidence that Anderson favored employees who were cute, Caucasian girls. This evidence was irrelevant to Townsend's claim of racial discrimination in the promotion process.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not err in allowing testimony concerning Elizondo's ability to work with employees of all races and lack of racism because it was relevant to whether Elizondo had a racist motive or intent.

Because we affirm the jury verdict on favor of Nike, we do not reach Townsend's argument concerning punitive damages.

AFFIRMED.

* The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.